BOARD OF EDUCATION OF THE BOROUGH OF BEACH HAVEN, PROSECUTOR, v. STATE BOARD OF EDUCATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted May 17, 1935—Decided August 12, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Howard Ewart.*

For the defendant, *Franklin H. Berry.*

The opinion of the court was delivered by

CASE, J. The board of education of the borough of Beach Haven, prosecutor herein, passed a resolution to seek the retirement by the teachers' pension and annuity fund of Isabella F. Soper, one of its teachers. Application was accordingly made by the board to the board of trustees of the fund, and the teacher was retired. Mrs. Soper appealed to the commissioner of education from the action taken by the borough board in making the request for the retirement. The commissioner dismissed the appeal upon the ground that the board had acted within its rights. Thereupon Mrs. Soper appealed from that determination to the state board of education. The latter body reversed the commissioner, found that there was an existing contract between the board of education of the borough of Beach Haven and Mrs. Soper which the borough board could not void and that by virtue thereof the borough board should pay to Mrs. Soper an amount equal to what her salary would have been had she not been retired. The borough board of education now prosecutes a writ of *certiorari* to review that order of the state board of education.

Mrs. Soper became sixty-two years of age on August 28th, 1931, was a member of the teachers' pension and annuity fund and by reason of her years of service was then entitled to be retired on pension. She had already taught for many years in the Beach Haven schools and continued thereafter to teach in those schools. On July 28th, 1933, she entered into a contract with the Beach Haven board of education whereby she agreed to teach, and the board employed her so to do, from September 11th, 1933, to June 14th, 1934, at a named salary, and whereby, also, both parties agreed that either of them could terminate the same by giving to the other thirty days' notice in writing of intention to terminate. There was no notice of intention to terminate given by either side, but on December 28th, 1933, the borough board passed

a resolution wherein it determined to make application to the trustees of the teachers' pension and annuity fund for Mrs. Soper's retirement, effective February 1st, 1934. The board of trustees of the teachers' pension and annuity fund, on January 12th, 1934, approved the retirement effective February 1st, 1934.

The prosecutor's first point is that both the commissioner of education of the State of New Jersey and the state board of education were without jurisdiction, power or authority to entertain an appeal from the action of the board of trustees of the teachers' pension and annuity fund in retiring Mrs. Soper as a teacher in the Beach Haven school. The appeal to the commissioner was from the action taken by the local board by way of instituting the retirement proceedings and not from the action of the trustees of the fund. Technically, that is a complete answer to the point; but an amplification is necessary to meet other portions of prosecutor's argument and may well be made here.

Retirement becomes optional—either at the instance of the teacher or of the employing board—at age sixty-two (School law, article XVII, section 251, subdivision 1 (*Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1722, § 251 (1), as amended by chapter 57, *Pamph. L.* 1928) and mandatory at age seventy ·(*Id.* section 251, subdivision 2; *Id.* page 1723, § 251 (2). During the intervening period, neither the teacher nor the board having applied for retirement, the teaching services continue. The action of the trustees of the fund on an application coming in is usually, and was in this instance, ministerial. Mrs. Soper's record was such that she was entitled to a pension either at her or the board's request. The statute was mandatory upon the trustees, and they took affirmative action. But Mrs. Soper's complaint was that the board had agreed not to terminate her teaching for the year without giving thirty day's notice in writing and that the action of the board in proceeding toward her retirement was a termination of her employment and therefore, in the absence of the notice, a violation of the contract. A board of education has, under the school law, the right to make contracts with teachers.

Thereupon there arose a dispute as to whether or not the board, in view of its contract, could lawfully take its action of December 28th, 1933. Section 10 of the 1903 School law (4 *Comp. Stat., p.* 4727), provides that "the state superintendent of public instruction shall decide, subject to appeal to the state board of education and without cost to the parties, all controversies and disputes that shall arise under the school laws * * *." The duties and powers incident to such supervision have been carried over to the commissioner of education. See, also, section 5, subdivision VI of chapter 231, *Pamph. L.* 1911; 2 *Cum. Supp. Comp. Stat., p.* 3167. That legislative policy did not originate in the act of 1903 but went back through the act of 1867 at least as far as 1851. *Ridgway* v. *Upper Freehold Board of Education,* 88 *N. J. L.* 530. It was said in the Ridgway case that "the law is settled that the prerogative writs of the state should not be awarded until the remedies provided by the school law have been exhausted." The teachers' pension and retirement fund was set up by article XXV of the 1903 statute as subsequently amended and by article XXVIII passed as chapter 80 (*Pamph. L.* 1919, amended by chapter 173, *Pamph. L.* 1920; 2 *Cum. Supp. Comp. Stat.* 1911-1925, *pp.* 3296, 3298, § 185-495). The whole structure is part of the School law under one title. We consider that the dispute between Mrs. Soper and the board of education as to the obligations of the latter under its contract was one that by the broad and ancient provisions of the statute was within the cognizance of the commisioner of education subject to appeal to the state board of education. Prosecutor rests in part upon the rule stated in *Home Building and Loan Association* v. *Blaisdell* 290 *U. S.* 398; 78 *L. Ed.* 413, and quoted in *Hourigan* v. *North Bergen Township,* 113 *N. J. L.* 143, that existing laws are read into contracts in order to fix obligations as between the parties and that the reservation of essential attributes of sovereign power is also read into contracts as a postulate of the legal order; but we find no support for the prosecutor in the application of that rule to the instant case. There is no public policy that a teacher shall be retired at age sixty-two, and

the law does not so require. Granting, for the purposes of the argument, that a yearly contract is not, under the circumstances, necessary, we think it is neither inconsistent with the school law nor subversive of the aims and principles thereof for a teacher and a board, during the mutually optional period between the ages of sixty-two and seventy, to agree annually upon employment for the school year and as an incident to agree that neither of them will terminate the year's employment without reasonable notice to the other. The disruption in school courses that might follow sudden retirement, in midyear and without notice to the board, of skillful and dependable teachers, from whom a full year's work was expected, is obvious. It is clear that foreknowledge of the event by the board would be helpful. So, also, the other way around. That the notice should be in writing and that it should be thirty days in extent are reasonable provisions.

Prosecutor's second point is that the contract between the board of education and Mrs. Soper included as an implied provision, and is subject and subordinate to the provisions of, section 251 (*Pamph. L.* 1919, *ch.* 80, as amended by *Pamph. L.* 1928, *ch.* 57; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1723, § 251 (2)); and its third point is that the contract between the board and Mrs. Soper is a nullity and unenforceable because the relationship was controlled and regulated by statute. For the reasons already given these points are decided adversely.

Prosecutor's fourth point is a corollary of its second and third points and falls with them.

The writ of *certiorari* will be dismissed, with costs.